People v. Nicholas L. Easley, 5-15-0178 Ma'am Yes, ma'am, sir Whenever you're ready May it please the Court, Counsel, Assistant Appellate Defender Inz Honnab on behalf of Nicholas Easley This is Mr. Easley's appeal from the first stage to dismiss the Lovis Pro Se post-conviction petition In the brief, we have two issues, but the State has conceded the second issue regarding the sentencing custody credit So Mr. Easley rests on the bruise regarding that matter The focus today, instead, will be on the first argument as to whether Mr. Easley stated the gist of a constitutional claim of ineffective assistance of counsel in his pro se petition Here the State filed a petition to revoke his drug court status And Mr. Easley then consented to that revocation of his drug court status The parties indicated that there was a joint recommendation of 18 years in the Illinois Department of Corrections Pre-counsel added that the 18 years was actually suggested by Mr. Easley himself And counsel had just relayed that number to the State After accepting Mr. Easley's consent to the revocation of his drug court status and that negotiated 18-year sentence The trial court advised Mr. Easley of his appeal rights Among other rights, the court told Mr. Easley that he must file in this court within 30 days of today's date a written motion asking to have this court reconsider the sentence or to have the judgment vacated and for permission to withdraw his consent to the revocation of his drug court status The court also stated if that motion is allowed, the sentence will be modified or the guilty plea sentence and judgment will be vacated And as advised, Mr. Easley does file a pro se motion to reduce his sentence within 30 days Unfortunately, Mr. Easley files it under the wrong court case, so the wrong case number And he later has to file an amended motion under the correct case The State acknowledges this, that Mr. Easley did file a timely motion to reduce that it was just under the wrong case number Even so, the State files a motion to dismiss that motion to reduce sentence because pursuant to Illinois Supreme Court Rule 604D, Mr. Easley did not file a motion to withdraw his guilty plea And rather he only sought to reduce his sentence, which was a fully negotiated sentence Specifically at the hearing on the State's motion to dismiss, Mr. Easley tells the court that his plea counsel had only informed him that he had to file a motion to reduce, not a motion to withdraw And the trial court indicated to Mr. Easley that whether plea counsel told you the right information or the wrong advice was not before it, that the only matter before it was the State's motion to dismiss And afterwards, the trial court agreed with the State to dismiss Mr. Easley's motion to reduce And as a result, Mr. Easley did not directly appeal that case Subsequently, Mr. Easley filed a pro se motion, or a pro se post conviction petition alleging, among other matters, ineffective assistance of plea counsel for one, abandoning him at the negotiation process and two, for misadvising him regarding his post plea matters The trial court summarily dismissed this petition as frivolous and patently without merit in a written order And in that written order, among other matters, the court stated that Mr. Easley's ineffective assistance of plea counsel had to be accompanied by a claim of innocence or the articulation of a plausible defense And that Mr. Easley was advised by the court to file a motion to reconsider within 30 days of the judgment The problem in this appeal is that the trial court dismissed Mr. Easley's pro se post conviction petition at the first stage, even though he alleged the gist of a constitutional claim of ineffective assistance of plea counsel At the first stage of the post conviction proceedings, most petitioners, like Mr. Easley, are indigent They proceed pro se, and like Mr. Easley, they have little to no legal expertise And that's seen in this case. Mr. Easley, I think, states that he's learning, he's trying, he didn't know better And you can see that within the record in this case And with that in mind, the Post Conviction Hearing Act and the Supreme Court has set the standard here very low It's a low standard at the first stage And thus, at the first stage, the petitions can only be dismissed if there's no arguable basis in law or in fact And as such, factual allegations must be liberally construed And petitioners need only state the gist of a constitutional claim Meaning that they don't have to plead sufficient facts of a legal claim Or know the exact legal theory that they're arguing It's just the gist of a constitutional claim And even if one claim meets that burden, the whole petition must move forward This here, Mr. Easley just needs to show that low burden That plea counsel's performance fell below an objective standard of reasonableness And that it's arguable that he was prejudiced Specifically focusing on Argument 1B, Mr. Easley alleged that plea counsel was ineffective for misadvising him regarding post-claim matters This resulted in Mr. Easley losing his right to a direct appeal And as this Court knows, a post-conviction proceeding is not a substitute for a direct appeal As we know, there's three judges in a direct appeal that determines the case In a direct appeal, the defendant or the petitioner can allege non-constitutional matters as well So it's not a substitute And here the issue is simple Mr. Easley alleged that plea counsel told him just to file a motion to reduce, not a motion to withdraw And even though plea counsel fully knew that this was a fully negotiated sentence This is legally wrong advice And the record shows that trial counsel also exaggerated this mistake by misadvising him during his appeal rights Trial counsel also informed him that he could file one or the other A motion to reduce or a motion to withdraw and vacate And how does the record show that? Which part, Your Honor? So the record shows that the trial court misadvised him in those Oh, the trial court. I thought you said counsel No, the trial court Whatever trial counsel told him is off the record And thus, because both the trial court and plea counsel misadvised him As a result, he lost his right to a direct appeal This is clear prejudice This isn't just a petitioner saying, I wouldn't have pled guilty if I knew This is a clear result, a clear consequence, a clear prejudice here And as I stated before, Mr. Easley is alleging that this misadvice happened between him and his plea counsel This is, of course, off the record in a private conversation between an attorney and his client But the implications here are huge He lost that big right of a direct appeal And thus, we simply ask that this court remand Mr. Easley's case to the trial court Allow it to proceed to the second stage proceedings So that the state can, you know, become involved and move forward However, at that time, Mr. Easley will have an attorney He'll be able to better legally shape his claims and have that assistance with him Unless there's any other questions? Thank you for your rebuttal time Mr. McNeil May it please the court, counsel I'm Luke McNeil, I'm with the Appellate Prosecutor's Office from the 4th District As for the argument that counsel abandoned defendant during the plea negotiation The record contradicts that claim Counsel clearly knew about the case We know this because counsel wanted to state and make sure it was on the record That he had discussed possible defenses with defendant This shows that he was familiar with the defendant and the circumstances of this case He was present during the plea hearing He did mention that defendant himself first suggested the 18-year sentence that he ultimately Do you see any problem with that? Where the defendant is the one that comes up with What is considered an appropriate time that might be negotiated Rather than the attorney advising him The way I read the record is that I took it as an aside more than That defendant handled his own negotiations He didn't say that We're talking about advice that the counsel gave him I think that the only reason this was mentioned in a single phrase to the trial court was For more insurance that the trial court will accept this as a voluntary and knowing plea By defendant if he was the one who first suggested The term length that he ultimately agreed to plead guilty for It's not inappropriate in and of itself for defendant to have some input or suggestion Obviously, but it's the way I read what is in the record It sounds like there wasn't any further guidance with respect to what might be an appropriate time I know of course we wouldn't have that And that might call for or win support to an evidentiary hearing But the record contradicts If the exchange went as the defendant alleges in his post-conviction petition Defendant alleges, hey, the counsel came in and said you're on your own I'm only here because I was appointed And you better come up with your own sentence or you're going to get the maximum Any reasonable person in the defendant's position would take that as a threat Or at least a form of force or coercion In that when the trial court goes through its usual admonishments, usual questions for guilty plea Defendant said he wasn't threatened, he wasn't forced, he wasn't coerced Any reasonable person in the defendant's position, if it went like that If his counsel, that's what he said The defendant would say, well actually I was kind of painted into this corner I was told to make my own offer There was nothing like that on the record The record contradicts that He entered into this plea voluntarily and knowingly And the only support to show that this abandonment issue is such a high hurdle The only authority defendant cites to is Pupil v. Richardson, a First District case Which ultimately held that counsel didn't abandon defendant The dissent, there was a dissent in that case The First District though cautioned that the dissent's unnecessary rhetoric Disserves the talented and dedicated lawyers who represent indigent defendants in this state And they require compelling justification for showing of abandonment Here the record contradicts What stage was that? Was that in the first stage? I think Richardson was a direct appeal I could be mistaken but I think it was a direct appeal Here the defendant sort of latches on to this statement That counsel, hey, defendant actually suggested this sentence first Apparently he shouldn't have said that because that gives an opening for this abandonment argument However, reading the record in context The trial counsel was still simply mentioning that To show that defendant was a willing participant And this was a knowing and voluntary plea As for the ineffective assistance argument for giving wrong advice regarding post-plea motions Here there simply is no arguable basis for prejudice We know that because at no point in the proceedings does defendant ever request Or indicate or suggest that he wants to file a motion to withdraw his guilty plea It would have been really easy for him to say in his post-conviction petition I wanted to file, I wanted to withdraw, I wanted to start over He only said that he wanted a shorter sentence Of course, anybody serving a sentence wants a shorter sentence There was no skin in the game for him to file a motion to reduce Worst that can happen is that it gets denied There's nothing in this court shouldn't assume That a defendant automatically wants to withdraw his guilty plea Then he has something to lose Here his sentence was directly in the middle of the sentencing range He risked a longer sentence And there was of course no dispute that he was guilty of this And there was no viable defenses Defendant very well could have received a longer sentence So it shouldn't be assumed that the defendant wanted to file a motion to withdraw Absent a statement saying such, or at least a suggestion And the trial court was in no position or had no obligation to put these dots together Connect these dots The defendant saying, well I wanted the shorter sentence So I asked counsel how to get that shorter sentence And he said file a motion to reduce Trial court's under no obligation to then fashion that into a defendant claiming that he wanted to file a motion to withdraw However, the trial court did mention Even if we assume a further hypothetical That defendant did get erroneous advice from counsel And that defendant did actually want to file a motion to withdraw Still, there's no arguable prejudice The outcome of the proceedings would have been exactly the same How do we know that? The trial court specifically noted in its findings That it would have denied any motion to withdraw a guilty plea And that would have been the proper decision This court in People v. Feldman cited in my brief Stated that a plea to withdraw a guilty plea should be granted only to correct a manifest injustice Such that the plea was ended on a misapprehension of the facts of the law There's doubt as to the guilt of defendant Defendant has a meritorious defense Or the ends of justice would be better served by submitting the case to a jury None of these apply here Defendant doesn't contest his guilt Doesn't have any viable defenses here He was properly admonished Stated he entered this plea voluntarily and knowingly Was not forced, threatened, or coerced The ends of justice would be hard to claim here When defendant himself is the one who came up with this sentencing length It's directly in the middle of the sentencing range The trial court would have properly dismissed any motion for leave to withdraw his guilty plea Again, resulting back to the same outcome of the proceedings Defendant not being allowed to withdraw his guilty plea In other words, there's no I understand that at the first stage If an ineffective assistance of counsel is claimed At the first stage It's still a Strickland test However, it's just an arguable basis for both prongs of the Strickland test Here, there's no arguable prejudice For counsel's performance Even assuming that he gave erroneous advice It's also a lead hand to Discuss the trial court's erroneous Advise, advisements as to Rule 605 The trial court did erroneously give him The post plea or post plea Procedure for a Open plea That being that he can file a motion to reconsider or a motion to For leave to withdraw Here was a fully negotiated plea He was required to file A motion to withdraw Withdraw guilty plea However There's no indication that defendant wanted to do that here And it would be error for this court to assume That that's what defendant wanted to do based on the record that we have And him never mentioning Wanting to file a leave for a motion to withdraw His guilty plea If this court has no more questions, I'd ask to affirm Thank you Thank you Just have two quick points Regarding argument 1A Which was the abandonment issue The petition clearly His petition clearly claims that Counsel told him Obviously in a private conversation that there was nothing he could do He's just there because he was appointed to be there We have to take that as true at this point Because the record doesn't directly rebut this Further Counsel discussed Mr. Chansey's statement To the trial court stating I should advise the court First of all That 18 years was suggested to me by my client Which I then conveyed to the state And they agreed So plea counsel here Went to great lengths to discuss with the trial court What he and Mr. Easley discussed They talked about the 14 days The 14 days issue Which was also a part of his petition But also this Plea counsel never mentioned that he negotiated That he Helped Mr. Easley formulate this 18 years Or how they came up with it All that we can get from a plea counsel statement Was that this was suggested by Mr. Easley And then his petition saying that At this point all I could do was Come up with a number Because plea counsel told me that There was nothing he could do for me And Counsel The state Indicated that there's no prejudice Or there's no arguable prejudice here But Mr. Easley also stated in his petition that Because of Plea counsel's misadvice It resulted in his sentence Reduction motion being denied Or dismissed And naturally from that comes the fact that He cannot directly appeal No matter what he did Once his motion To reduce his sentence was dismissed Because pursuant to Rule 604D He had to file a motion to withdraw He could not have appealed that sentence And Counsel also goes into the fact that Mr. Easley did not have An articulable defense Or a claim of innocence But when it comes to plea counsel's misadvice You don't need those things This is regarding the consequences of his plea What he knew at the time he entered into this plea So at the time he entered into this plea He thought if he gave this 18 years He could reduce it later Because plea counsel told him he could And of course this is an off the record conversation But when he entered it He thought he could reduce it And that's what he did The actions show clearly that he filed A pro se motion to reduce And he discusses that in the petition as well Unless there are any other questions Okay Mr. Easley asks that this court Remand for second stage proceedings Because this is a very low bar At first stage Thank you We'll take that into consideration And issue a ruling in due course